# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARCUSS FIGUEROA,<br>    *Plaintiff*,<br><br>v.<br><br>DR. RUIZ *et al.*,<br>    *Defendants*. | No. 3:19-cv-01230 (JAM) |

## INITIAL REVIEW ORDER PURSUANT TO 28 U.S.C. § 1915A

Plaintiff Marcuss Figueroa is a sentenced prisoner in the custody of the Connecticut Department of Correction ("DOC"). He has filed a complaint *pro se* and *in forma pauperis* under 42 U.S.C. § 1983. Figueroa alleges that defendants were deliberately indifferent to his serious medical need by failing to adequately treat his knee injury. After an initial review, I conclude that the complaint should be served on Dr. Ruiz in his individual capacity as set forth in the ruling below.

### BACKGROUND

Figueroa's claims arise from his confinement at Cheshire Correctional Institution. He filed his complaint on June 24, 2019, suing five defendants in their individual and official capacities: Dr. Ruiz and four unidentified Jane Doe nurses. The complaint is barely legible, and although Figueroa was provided with numbered lines and instructions to use them, his allegations consist of a single, run-on paragraph. The following facts are alleged in the complaint and are accepted as true only for purposes of this ruling.

In March 2017, Figueroa underwent surgery on his right knee to repair a torn ACL and torn meniscus. Doc. #1 at 4. About six months later, Dr. Ruiz instructed him to begin

strengthening exercises, such as lunges and squats. *Ibid.* While doing the exercises, Figueroa felt a popping sensation and experienced pain and discomfort. *Ibid.*

A few weeks later, Dr. Ruiz and Figueroa held a videoconference with a surgeon at the University of Connecticut Health Center ("UConn"). *Ibid.* The surgeon told Dr. Ruiz to immediately send Figueroa to UConn if he experienced any "non-slight" pain in order to avoid further injury. *Ibid.* As soon as the videoconference ended, Figueroa told Dr. Ruiz about the pain and discomfort he had been experiencing. *Ibid.* But Dr. Ruiz dismissed his concerns, telling him the pain was caused by scar tissue and to submit a request to the medical unit if the pain worsened. *Ibid.*

On September 29, 2017, Figueroa wrote to the medical unit complaining about increased pain, and relaying the surgeon's order to Dr. Ruiz. *Ibid.* In response, Figueroa was told that the pain was caused by scar tissue and to write again if it worsened. *Ibid.*

On October 17, 2017, Figueroa again wrote to the medical unit. *Ibid.* He was scheduled for an x-ray even though medical staff knew his injuries were in his ligaments, not his bones, such that any damage would only appear in an MRI. *Id.* at 4-5.

Figueroa wrote to the medical unit a third time and then was seen by Dr. Ruiz. *Id.* at 5. Again, Dr. Ruiz said the pain was caused by scar tissue, but this time he advised Figueroa to stop the strengthening exercises for a couple of months. *Ibid.* When Figueroa resumed the exercises on January 6, 2018, he tore multiple ligaments in his knee. *Ibid.* Following the incident, he still was not sent to UConn, but rather was transferred to Robinson Correctional Institution. *Ibid.*

Figueroa's condition is ongoing and continues to worsen. *Ibid.* He now seeks from defendants compensatory and punitive damages in the amount of $2.5 million. *Ibid.*

**DISCUSSION**

Pursuant to 28 U.S.C. § 1915A, the Court must review a prisoner's civil complaint against a governmental entity or governmental actors and "identify cognizable claims or dismiss the compliant, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." If the prisoner is proceeding *pro se*, the allegations of the complaint must be read liberally to raise the strongest arguments that they suggest. *See Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010).

The Supreme Court has set forth a threshold "plausibility" pleading standard for courts to evaluate the adequacy of allegations in federal court complaints. A complaint must allege enough facts—as distinct from legal conclusions—that give rise to plausible grounds for relief. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Notwithstanding the rule of liberal interpretation of a *pro se* complaint, a complaint may not survive dismissal if its factual allegations do not meet the basic plausibility standard. *See, e.g.*, *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015).

### *Eighth Amendment deliberate indifference*

A prison official's deliberate indifference to a prisoner's serious medical need violates the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A prisoner who claims deliberate indifference to a serious medical need must satisfy two requirements. First, there is an *objective* requirement—that the prisoner's medical need was sufficiently serious. *See Spavone v. N.Y. State Dep't of Corr. Servs.*, 719 F.3d 127, 138 (2d Cir. 2013). The prisoner must show that he suffered from an urgent medical condition involving a risk of death, degeneration, or extreme pain. *See Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011). Second, there is

a *subjective* requirement: that the defendant has acted recklessly—that is, with an actual awareness of a substantial risk that serious harm to the prisoner would result from the defendant's action or non-action. *See Spavone*, 719 F.3d at 138.

Figueroa alleges that he has been in constant and increasing pain since September 2017, and that Dr. Ruiz repeatedly dismissed his pain and refused to send him to UConn for treatment despite a surgeon's standing order that he do so. These allegations are enough to allow Figueroa's claim for deliberate indifference to serious medical need to proceed against Dr. Ruiz. Because damages may not be awarded against a state employee in his official capacity absent circumstances not present here, the case will proceed against Dr. Ruiz in his individual capacity only. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1995).

Although Figueroa includes four nurses as defendants, he does not mention any nurse in his vague allegations against medical staff. Accordingly, I will dismiss Figueroa's claims against the Jane Doe nurses for failure to demonstrate their personal involvement in his denial of care. *See Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006); *Ferrer v. Superintendent Orange Cty. Jail*, 2010 WL 306977, at *4 (S.D.N.Y. 2010).

This ruling is without prejudice to the right of Dr. Ruiz to file a motion to dismiss for failure to state a claim or for failure to exhaust administrative remedies as required under the Prison Litigation Reform Act. The parties shall timely comply with the Court's standing order on initial discovery disclosures.

## Conclusion

In accordance with the foregoing analysis, the Court enters the following orders:

(1) The Court DISMISSES Figueroa's Eighth Amendment claim against all defendants

except for defendant Dr. Ruiz in his individual capacity.

(2) The Clerk shall verify the current work address for the defendant with the DOC Office of Legal Affairs, mail a waiver of service of process request packet to the defendant at the address provided within **twenty-one (21) days of the date of this Order**, and report to the Court on the status of the waiver request on the **thirty-fifth day after mailing**. If the defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3) The Clerk shall send a courtesy copy of the complaint and this Order to the DOC Office of Legal Affairs.

(4) The defendant shall file his response to the complaint within **twenty-one (21) days after service**.

(5) Discovery shall be completed within **six months (180 days) from the date of this Order**. Discovery requests need not be filed with the Court.

(6) All motions for summary judgment shall be filed within **seven months (210 days) from the date of this Order**.

(7) All other previously entered orders remain in effect.

It is so ordered.

Dated at New Haven this 11th day of December 2019.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge